UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 8276 |
| | ) | |
| Chicago Police Officers KEVIN M. | ) | |
| CONNORS, STAR #15151, ARMANDO | ) | |
| CAZARES, STAR # 8680, Unknown | ) | |
| Chicago Police Sergeant, THE CITY OF | ) | |
| CHICAGO, as indemnitor, | ) | Judge Ruben Castillo |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Ramon Jones brings this cause of action against Chicago police officers Kevin M.

Connors, Armando Cazares, and the City of Chicago, as indemnitor, for excessive force and

failure to intervene in violation of 42 U.S.C. § 1983 (Count I), and against Connors, Cazares, an

unknown Chicago police sergeant, and the City, as indemnitor, (collectively, "Defendants") for

civil conspiracy and malicious prosecution (Count II). (R. 43, Second Amend. Compl.) Before

the Court is Defendants' motion to dismiss Count II of Jones's second amended complaint. (R.

47, Defs.' Mot.) For the reasons set forth herein, Defendants' motion is granted and Count II is

dismissed.

## RELEVANT FACTS

In deciding the instant motion, the Court assumes the veracity of the well-pled allegations

in Jones's complaint and construes all reasonable inferences in his favor. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007)

1

(citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). On December 16, 2009, Connors and Cazares identified Jones at a gas station at 71st Street and Halsted Avenue in Chicago, Illinois. (R. 43, Second Amend. Compl. ¶ 2.) Connors and Cazares then disembarked from their squad car and attempted to question Jones. (*Id.*) Jones started to leave the gas station and Connors began to chase him. (*Id.*) During the chase, Connors tripped on a curb at the gas station and fell, injuring himself. (*Id.*)

Jones continued to walk and run away from the gas station until he reached the 7000 block of South Peoria Street. (*Id.* ¶ 3.) There he heard Cazares identify himself as a police officer, draw and cock his gun and threaten to shoot Jones if he did not stop. (*Id.*) Jones then stopped and laid face down on the ground with his hands behind his head as ordered by Cazares, who then stomped, kicked, and pummeled Jones while and after he handcuffed Jones behind his back. (*Id.*) While Jones was face down on the ground, Connors arrived at the 7000 block of South Peoria Street in the squad car and disembarked, whereupon he showed Jones the blood and scrapes on his hand and then proceeded to stomp, kick, and pummel Jones on his face and body while Jones was handcuffed on the ground. (*Id.* ¶ 4.)

The foregoing was witnessed in whole or in part by neighborhood witnesses, including Ibi Cole, LuLu Cole, and Lloyd Whitaker. (*Id.* ¶ 5.) Ibi Cole called 911 and spoke to a police dispatcher. (*Id.* ¶ 6). She asked that a supervisor be sent to her house to discuss what she had seen. (*Id.*) An unknown Chicago police sergeant was dispatched to speak to Cole. (*Id.*) Either Connors or Cazares, through the police dispatcher, contacted the sergeant assigned to interview Cole and asked to meet him at Ogden Park before the sergeant went to Cole's house. (*Id.* ¶ 7.) Connors, Cazares, and the unknown police sergeant then met at Ogden Park and there developed

2

a conspiracy to thwart charges that Connors and Cazares allegedly used excessive and unreasonable force on Jones by falsely reporting that Jones pushed or struck Connors so that he fell to the ground and injured himself. (*Id.* ¶ 8.) Jones would thereby be charged with aggravated assault on a police officer, a felony. (*Id.*) The Defendants, each and all of them, knew that Jones did not strike Connors and did not cause him to fall and be injured. (*Id.* ¶ 9.) At the time Connors and Cazares beat Jones, and at material times thereafter, they exhibited plain manifestations of personal and racial malice, using racial epithets and otherwise acting with personal vengeance. (*Id.* ¶ 11.)

Jones was indicted on two counts of aggravated battery to a police officer and one count of resisting and obstructing arrest. (R. 47-1, Ex. A, Certified Statement of Disposition.) Jones was held in the Cook County Jail from December 17, 2009 to October 4, 2010, when he was found not guilty on two counts of aggravated assault and guilty of the lesser included offense of resisting and obstructing a police officer. (R. 43, Second Amend. Compl. ¶ 10; R. 47-1, Ex. A, Certified Statement of Disposition.)

## PROCEDURAL HISTORY

On November 18, 2011, Ramon Jones commenced this action by filing a complaint in this Court. (R. 1, Compl.) Jones's original complaint in this matter was filed against unknown Chicago police officers. (*Id.*) Jones filed his first amended complaint naming Defendants Connors and Cazares on December 12, 2011. (R. 6, First Amend. Compl.) In his first amended complaint, Jones alleged that Connors and Cazares deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 by using excessive force against him and by failing to intervene (Count I). (*Id.* ¶ 4). On August 1, 2012, this Court granted Jones leave to file a second amended

complaint. (R. 42, Min. Entry.) On that same day, Jones filed his second amended complaint. (R. 43, Second Amend. Compl.) In his second amended complaint, Jones added claims for malicious prosecution and civil conspiracy (Count II) and joined another Defendant, the unnamed Chicago police sergeant. (R. 43, Second Amend. Compl. ¶¶ 5-11.)

On August 15, 2012, Defendants filed a motion to dismiss Count II on the grounds that the malicious prosecution claim is time-barred; that Jones cannot state a claim for malicious prosecution; and that Jones cannot maintain his claim for civil conspiracy. (R. 47, Defs.' Mot. at 2.) Furthermore, Defendants argue that because Count II is the only count alleged against the unnamed Chicago police sergeant, he should be dismissed from the case. (Id.)

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the well-plead facts alleged in the plaintiff's complaint and construes all reasonable inferences in favor of the nonmoving party. See Erickson, 551 U.S. at 94; Killingsworth, 507 F.3d at 618 (citing Savory, 469 F.3d at 670). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true. . .state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To determine whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. If the factual allegations are well-plead, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. See id. at

679. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

When considering a Rule 12(b)(6) motion to dismiss, the Court is generally confined to allegations in the complaint and cannot consider extrinsic evidence without converting the motion into one for summary judgment, although "the bar on considering matters outside the pleadings is not absolute." *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005). The limitation on what the Court may consider is attenuated by Rule 10(c) of the Federal Rules of Civil Procedure, insofar as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice" may also be considered by the Court in deciding a motion to dismiss without converting it into a motion for summary judgment. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citing Fed. R. Civ. Pro. 10(c)). Documents that defendants attach to a motion to dismiss will be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *See, e.g., Maxwell v. Cnty. of Cook*, No. 10 C 320, 2011 WL 1004561, at *3 (N.D. Ill. March 17, 2011) (citing *Cont'l Cas. Co.*, 417 F.3d at 731 n.3). Furthermore, the Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). This includes taking judicial notice of state court decisions. *See 520 S. Michigan Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008) (citing *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006)).

Federal Rule of Civil Procedure 8(a)(2) therefore imposes "two easy-to-clear hurdles" on

every complaint in order to survive a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6). *See Tamayo v. Blagojevich*, 536 F.3d 1074, 1804 (7th Cir. 2008) (quoting

*EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550

U.S. at 555)); *accord Iqbal*, 556 U.S. at 678. First, a complaint must describe the plaintiff's

claims and the grounds supporting them in "sufficient detail to give the defendants fair notice" of

the claims alleged against them, which requires more than mere "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Concentra*, 496 F.3d at 776. Notice

to the defendants alone, however, is not sufficient. To survive a motion to dismiss, the complaint

must also include factual allegations which "plausibly suggest a right to relief, raising that

possibility above a speculative level." *See id.* If a complaint does not satisfy these two

"hurdles," "the plaintiff pleads itself out of court." *Id.* "The plausibility standard . . . asks for

more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads

facts that were merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 557) (internal quotation marks omitted). "'Plausibility' in this context does not

imply that the district court should decide whose version to believe, or which version is more

likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The plausibility

standard means that "the plaintiff must give enough details about the subject-matter of the case to

present a story that holds together. In other words, the court will ask itself *could* these things

have happened, not *did* they happen." *Id.* Thus, a motion to dismiss may be properly granted in

favor of the moving party where the plaintiff does not allege a plausible entitlement to relief

either by failing to provide the defendants with notice of plausible claims alleged against them or

by asserting only speculative or conclusory allegations in the complaint.

## ANALYSIS

### A. Jones' malicious prosecution claim

It is not entirely clear from Jones's second amended complaint what claim or claims he is pursuing in Count II. However, he asserts in a different filing that Count II contains a claim for malicious prosecution. (R. 35, Pl.'s Suggestion that the Court Appoint Additional Counsel for Individual Defendants.) Defendants argue that Jones's claim for malicious prosecution is untimely. (R. 47, Defs.' Mot. at 4.) A plaintiff's failure to timely file a complaint under the governing statute of limitations is an affirmative defense, and as such it need not be anticipated by the complaint in order to survive a motion to dismiss. *See Indep. Trust. Corp. v. Steward Inf. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). However when the complaint "sets out all of the elements of an affirmative defense" and plainly reveals that an action is untimely, dismissal under Rule 12(b)(6) is the appropriate remedy. *Id.*

Under well-settled principles of Seventh Circuit law, there is no federal claim for malicious prosecution where state law provides an adequate remedy. *See Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) ("[T]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution."); *see also Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002); *McCullah v. Gadert*, 344 F.3d 655, 658-59 (7th Cir. 2003); *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 683 (7th Cir. 2007); *Parish v. City of Chicago*, 594 F.3d 551, 553 (7th Cir. 2009). Illinois law recognizes the tort of malicious prosecution, and therefore provides aggrieved plaintiffs with an adequate remedy. *See Ray v. City of Chicago*, 629 F.3d 660, 664 (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). The applicable statute of

limitations for Jones's malicious prosecution claim is a matter of Illinois law. *See Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (for state law claims courts apply the relevant state's law regarding the statute of limitations). The Illinois Local Government and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/1-101 *et seq.*, entitles local governmental entities and their employees to a one-year statute of limitations for civil actions brought against them. *See* 745 Ill. Comp. Stat. 10/8-101; *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("Illinois local governmental entities and their employees, however, benefit from a one-year statute of limitations for 'civil actions' against them.") (citing 745 Ill. Comp. Stat. 10/8–101).

A cause of action for malicious prosecution does not accrue until the criminal proceedings on which it is based have been terminated in the plaintiff's favor. *See Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). "While Defendants contend that the criminal proceedings did not terminate in [Jones's] favor, as he was convicted of resisting arrest, [Jones] was acquitted of two counts of aggravated battery to a peace officer on October 4, 2010." (R. 47, Defs.' Mot. at 5; R. 47-1, Ex. A, Certified Statement of Disposition.) Thus, to the extent that Jones can maintain a cause of action for malicious prosecution, the statute of limitations ran out on October 4, 2011, one year after the proceedings ended partially in his favor. *See Ferguson*, 820 N.E.2d at 459, *see also, e.g., Treece v. Vill. of Naperville*, 903 F. Supp 1251, 1257 (N.D. Ill. 1995) (claim for malicious prosecution accrues when the underlying proceeding is terminated in the plaintiff's favor). Jones first brought his claim of malicious prosecution in his second amended complaint, which he filed on August 1, 2012, long after the statute of limitations expired.

8

In his response to Defendants' motion to dismiss, Jones argues that the two-year statute of limitations for personal injuries found in 735 Ill. Comp. Stat. 5/13-202 controls the outcome of the case. (R. 50. Pl.'s Resp. at 2.) In support of his argument, Jones relies on the canon of statutory construction providing that "[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail . . ." (*Id.*) (quoting *Bowes v. City of Chicago*, 120 N.E.2d 15, 31 (Ill. 1954)). He argues that "[h]ere, defendant relies on a broad general provision applicable to all to actions in general against local governments and their employees, everything from slip and falls, to tax refunds to medical negligence cases. But the two year limitations found in 735 ILCS §13-202 for claims for malicious prosecution applies only to a very limited fraction of actions which may be brought against a local governmental entity." (*Id.* at 3.) He further argues that because 735 Ill. Comp. Stat. 5/13-202 appears to have been more recently amended than 745 Ill. Comp. Stat. 10/8–101, the rule that a more recent enactment of the legislature controls over prior enactments should apply. (*Id.*) (citing *Jahn v. Troy Fire Dep't.*, 644 N.E.2d 1159, 1162 (Ill. 1994)). Therefore, he argues that the two-year statute of limitations contained in 735 Ill. Comp. Stat. 5/13-202 applies to his claim for malicious prosecution. (*Id.*)

Jones's argument, however, is foreclosed by the applicable caselaw. In *Ferguson*, 820 N.E.2d at 459, the Illinois Supreme Court applied the one-year statute of limitations in the Illinois Tort Immunity Act to a claim of malicious prosecution. In addition, the weight of authority in this District holds that the one-year statute of limitations set forth in the Illinois Tort Immunity Act applies to claims for malicious prosecution against governmental entities and their employees. *See, e.g., Askew v. Waukegan Public School Dist. 60*, 767 F. Supp. 2d 923, 932

9

(N.D. Ill. 2011) ("Illinois law provides for a one-year statute of limitations for malicious

prosecution claims against local public entities like the [defendant]"); *Grzanecki v. Cook Cnty.*

*Sheriffs Police Dep't*, No. 10 C 7345, 2011 WL 3610087, at \*2 (N.D. Ill. Aug. 16, 2011)

("Accordingly, Plaintiff's claim for malicious prosecution is subject to the one-year statute of

limitations in the Tort Immunity Act."); *Thurmond v. Mills*, 570 F. Supp. 2d 1045, 1046 (N.D.

Ill. 2008) ("Plaintiff's state law claim for malicious prosecution is subject to a one year statute of

limitations under the Illinois Tort Immunity Act."); *Schor v. Daley*, 563 F. Supp. 2d 893, 900 n.1

(N.D. Ill. 2008) ("Under the Tort Immunity Act, the applicable statute of limitations for a state

law malicious prosecution claim against a local entity or its employees is one year."); *Foroh v.*

*Hannah-Porter*, 428 F. Supp. 2d 816, 824 (N.D. Ill. 2006) ("This one-year statute of limitations

concerning state law claims [under the Illinois Tort Immunity Act] against a law enforcement

officer applies in the instant case."), *aff'd* 217 F. App'x 534 (7th Cir. 2007); *Patterson v. Burge*,

328 F. Supp. 2d 878, 901 (N.D. Ill. 2004) ("The weight of case law in this district holds that a

claim for IIED arising from malicious prosecution does not accrue until the state criminal

proceedings are terminated. Thus, since state tort claims are subject to a one-year limitations

period under Illinois law, 745 ILCS 10/8-101, and [the plaintiff] filed his complaint within a year

of receiving his pardon, his IIED claim is timely.") (internal citations omitted). Therefore, the

statute of limitations that applies to Jones's malicious prosecution claim is the one-year period in

the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101, and the time for Jones to have

timely commenced a cause of action for malicious prosecution was on or before October 4, 2011,

when the criminal proceedings partially terminated in Jones's favor. *See Ferguson*, 820 N.E.2d

at 459, *see also, e.g., Treece*, 903 F. Supp 1251, 1257. Because he did not do so, his claim for

10

malicious prosecution is time-barred and therefore it is dismissed. Because the claim is time-barred, the Court need not examine Defendants' alternative argument that Jones cannot establish a cause of action for malicious prosecution.

**B. Jones' conspiracy claim**

Jones also appears to aver in Count II of his second amended complaint that Defendants conspired to maliciously prosecute him, presumably in violation of 42 U.S.C. § 1983. (R. 43, Second Amend. Compl. ¶ 8.) As has been previously noted, there is no federal claim for malicious prosecution where state law provides an adequate remedy. *See Newsome*, 256 F.3d at 750; *Penn*, 296 F.3d at 576; *McCullah*, 344 F.3d at 658-59; *Holmes*, 511 F.3d at 683; *Parish*, 594 F.3d at 553. Defendants argue that Jones's civil conspiracy claim fails as a matter of law because § 1983 allows for recovery for a civil conspiracy only if a constitutional deprivation is alleged and proved; "a conspiracy claim standing alone is insufficient." (R. 47, Defs.' Mot. at 8). They argue that because Jones's conspiracy claim is predicated upon a claim of malicious prosecution, which is not a cognizable constitutional wrong, the civil conspiracy claim must fall. (*Id.*) Defendants also contend that any further § 1983 claims that Jones may seek to add by further amending his complaint are time-barred. (*Id.*)

Defendants set forth the correct state of the law, as a claim for civil conspiracy can only be alleged where there has been a deprivation of a constitutional right. *See Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) ("our case law makes clear that [t]o establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that [] a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights") (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)) (internal quotation marks omitted);

11

*Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("We have said that there is no

constitutional violation in conspiring to cover-up an action which does not itself violate the

Constitution.") (quoting *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996)) (internal quotation

marks omitted); *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does

not, however, punish conspiracy; an actual denial of a civil right is necessary before a cause of

action arises."). Therefore, § 1983 does not punish conspiracy, *Goldschmidt*, 686 F.2d at 585,

but rather the deprivation of a plaintiff's constitutional rights under state law. *See Adickes v. S.H.

Kress and Co.*, 398 U.S. 144, 150 (1970). "The gist of the cause of action is the deprivation and

not the conspiracy." *Lesser v. Braniff Airways, Inc.*, 518 F.2d 538, 540 n.2 (7th Cir. 1975).

Therefore, the plaintiff must prove the constitutional deprivation, and not merely the conspiracy.

*See id.*

Section 1983 does not contain an express statute of limitations. In order to ascertain the

statute of limitations for a claim arising under § 1983, the Court must look to the forum state's

statute of limitations for personal injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).

The statute of limitations for § 1983 claims filed in Illinois is two years, as provided for in 735

Ill. Comp. Stat. 5/13-202. *See Ashafa v. City of Chicago*, 146 F.3d 456, 462 (7th Cir. 1998).

Jones's arrest occurred on December 16, 2009; therefore, the statute of limitations for any § 1983

claims stemming from his arrest expired on December 16, 2011.

In his response to Defendants' motion to dismiss, Jones does not address Defendants'

argument to dismiss his conspiracy claim. Jones's response is entirely void of any reference to

his conspiracy claim. A party's failure to respond to arguments the opposing party makes in a

motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any

argument against dismissing the claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n.1, 721

(7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not

responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d

461, 466 (7th Cir. 2010) ("Failure to respond to an argument [in a motion to dismiss]—as the

[plaintiffs] have done here—results in waiver."); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d

924, 926 (7th Cir. 2007) ("The [plaintiffs'] failure to offer any opposition to [the defendant's]

statute of limitations argument constituted a waiver."); *County of McHenry v. Ins. Co. of the*

*West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the

non-moving party must proffer some legal basis to support his cause of action.") (quoting

*Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)) (internal quotation marks

omitted); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our

system of justice is adversarial, and our judges are busy people. If they are given plausible

reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to

discover whether there might be something to say against the defendants' reasoning. An

unresponsive response is no response. In effect the plaintiff was defaulted for refusing to

respond to the motion to dismiss. And rightly so."); *Stransky*, 51 F.3d at 1335 ("However, when

presented with a motion to dismiss, the non-moving party must proffer some legal basis to

support his cause of action. The federal courts will not invent legal arguments for litigants.")

(internal citation omitted); *see, e.g., Walsh v. Arrow Fin. Servs., LLC*, No. 10 C 6829, 2012 WL

255802, at *3 (N.D. Ill. Jan. 27, 2012) ("[The plaintiff's] failure to reference, let alone defend,

her first claim operates as an abandonment of that claim and a forfeiture of any argument

opposing dismissal."); *Salcedo v. City of Chicago*, No. 09 C 5354, 2012 WL 280697, at *4 (N.D.

Ill. Jan. 31, 2012) ("But in this case, given the complete absence of any response from the Plaintiffs at any time in this case, the Court will treat the lack of response as a forfeiture of Plaintiffs' claims."); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. March 14, 2008) ("A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture.").

Jones "therefore, waives his right to object to Defendants' arguments that his conspiracy claim fails because § 1983 allows recovery for a conspiracy only if a constitutional deprivation, which malicious prosecution is not, is alleged and proven." (R. 52. Defs.' Reply at 5.) Jones has utterly failed to make any response to Defendants' arguments in support of dismissing his conspiracy claim contained in Count II of his second amended complaint. As such, Jones has waived his right to proceed on that claim. *See Bonte*, 624 F.3d at 466; *Wojtas*, 477 F.3d at 926; *Kirksey*, 168 F.3d at 1041; *see, e.g., Rosen*, 2008 WL 723331 at *6. His failure to respond to Defendants' substantive arguments in favor of dismissing the claim operates as a forfeiture of the claim. *See Alioto*, 651 F.3d at 719 n.1, 721; *County of McHenry*, 438 F.3d at 818; *see, e.g., Salcedo*, 2012 WL 280697 at *4. As such, Jones's failure to respond to Defendants' motion, or to defend his conspiracy claim, will be treated as an abandonment or waiver of that claim and a forfeiture of any arguments against Defendants' motion to dismiss it. *See, e.g., Walsh*, 2012 WL 255802 at *3. Therefore, Jones's conspiracy claim is dismissed.

Jones's malicious prosecution claim is dismissed as time-barred and his conspiracy claim is waived and forfeited. Therefore, Count II of Jones's second amended complaint is dismissed in its entirety. Because the only allegations in the complaint alleged against the unnamed Chicago police sergeant are contained in Count II of Jones's second amended complaint, and

14

because Count II is dismissed, the unnamed Chicago police sergeant is also dismissed from this suit.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Count II of Jones's second amended complaint (R. 47) is GRANTED. This leaves Jones with only his excessive force claim and his failure to intervene claim pursuant to 42 U.S.C. § 1983 contained in Count I. The parties are requested to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities. Given this ruling there is no justifiable reason to delay the scheduled October 9, 2012 trial date. A modified final pretrial order, which includes a list of agreed and disputed trial exhibits and witnesses and any motions *in limine* will be due on October 1, 2012. The Court will conduct a final pretrial conference in Chambers on October 3, 2012 at 11:00 a.m. unless a settlement is reached in this lawsuit.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: XXXXX**
9/20/12